IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER HOWELL, )<br>)<br>Plaintiff, )<br>) | <br><br><br>CIVIL ACTION |
| v. )<br>) | <br>No. 20-1229-KHV |
| MARTIN O'MALLEY,[1] )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | |

**MEMORANDUM AND ORDER**

Plaintiff appealed the decision of the Commissioner of Social Security to deny disability benefits under the Social Security Act ("SSA") 42 U.S.C. § 401 et seq.  On April 19, 2021, pursuant to the fourth sentence of 42 U.S.C. § 405(g), this Court reversed the Commissioner's decision and remanded the case for further proceedings.  On July 20, 2021, the Court sustained plaintiff's motion for attorney fees and awarded $4,448.50 to plaintiff under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Order (Doc. #18).  On remand, on February 8, 2022, the Administration found that plaintiff has been disabled since March 15, 2016 and awarded past due benefits of $68,678.10.  The Administration withheld 25 per cent of past due benefits (i.e. $17,169.53) for attorney fees.  This matter is before the Court on Plaintiff's Attorney's Motion For An Award Of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #20) filed September 3, 2024.  For reasons stated below, the Court sustains the motion.

**Analysis**

An attorney handling a social security case in court may seek fees under both the EAJA

---

[1]    The Court substitutes Martin O'Malley—current Commissioner of the Social Security Administration—for former Acting Commissioner Andrew Saul.  Fed. R. Civ. P. 25(d).

and the SSA. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). As noted, the Court previously awarded plaintiff $4,448.50 under the EAJA. Plaintiff's counsel now seeks $17,169.53 (25 per cent of past due benefits) under the SSA, which also is the amount plaintiff owes under their contingent fee agreement. Defendant takes no position on the reasonableness of counsel's fees.

Fees under the SSA satisfy a client's obligation to counsel. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). The Court determines such fees based on reasonableness, with a statutory maximum of 25 per cent of past due benefits. 42 U.S.C. § 406(b). The Court may determine reasonableness based on a lodestar calculation (number of hours reasonably devoted to the case multiplied by a reasonable hourly fee) or a contingency fee agreement between the attorney and client. Gisbrecht, 535 U.S. at 799–800. If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount to plaintiff. See id. at 796.

When evaluating reasonableness under a contingency fee agreement, the Court considers whether (1) the character of the representation and the results it achieved were substandard; (2) the attorney is responsible for delay that causes disability benefits to accrue during the pendency of the case in court; and (3) the benefits are large in comparison to the amount of time counsel spent on the case. Id. at 808. As to the first two factors, counsel achieved a favorable result and did not cause any delay in the case. As to the third factor, plaintiff ultimately received past due benefits of $68,678.10, while counsel worked 21.7 hours on the case. Itemized Invoice For Legal Services (Doc. #20-6). The total amount which counsel requests, i.e. $17,169.53, translates to an hourly rate of $791.22 ($17,169.53 divided by 21.7) with an effective hourly rate in a non-contingent case of $282.58.[2] The Court recognizes that due to the possibility of social security cases being

---

[2] Counsel notes that claimants ultimately prevail in some 36 per cent of social security cases. To make up for the risk of loss, counsel would need to charge a winning client an
(continued. . .)

unsuccessful, the contingent nature of these cases "justifies a fee award which is higher than the normal hourly rate charged by practitioners."  Pulkrabek v. O'Malley, No. 21-1044-JWL, 2024 WL 3443475, at *3 (D. Kan. July 17, 2024).  The requested award reflects an hourly rate which falls within the range of hourly rates typically awarded by judges of this district in similar cases.  See id. (approving hourly rate of $962.25 and effective hourly rate in a noncontingent case of $343.66) (collecting cases).  On this record, the Court finds that a fee award of $17,169.53 is reasonable and sustains plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion For An Award Of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #20) filed September 3, 2024 is **SUSTAINED. The Court awards plaintiff's attorney, Kelsey Young, the amount of $17,169.53 in attorney fees under the Social Security Act.  The Commissioner shall pay the fees from the amount which he is withholding from plaintiff's past due benefits.  Plaintiff's counsel shall refund to plaintiff the amount of $4,448.50, which the Court previously awarded under the Equal Access To Justice Act.**

Dated this 10th day of October, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2](. . .continued) amount 2.8 times (100 divided by 36) the fee charged to a client paying on a non-contingent basis.  Memorandum In Support Of Plaintiff's Attorney's Motion For An Award Of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #20-1) at 9.  Applying this 2.8 multiplier results in an effective hourly rate of $282.58.